JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SANDERS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAM'S CLUB, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-06140-FLA (Ex)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 13]** |

## RULING

On May 22, 2022, Plaintiff Pamela Sanders ("Plaintiff" or "Sanders") initiated this action against Defendant Sam's West, Inc. ("Defendant" or "Sam's West," erroneously sued as Sam's Club) in the Los Angeles County Superior Court. Dkt. 1 ("NOR"); Dkt. 1-2 ("Compl.").[1] The Complaint asserts a single cause of action for premises liability. Compl. at 4.

On July 28, 2023, Defendant removed the action to this court alleging subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. NOR at 2. Defendant

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers listed on documents natively.

1

relies on Plaintiff's Statement of Damages to support its assertion that the amount in controversy exceeds the jurisdictional minimum of $75,000. *Id.* at 2–3.

On September 18, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 13. Defendant filed its response on September 28, 2023. Dkt. 17 ("Def. Resp.").

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS the action to the Los Angeles County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the

amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined on the face of the pleading. *See generally* Compl. Defendant contends the jurisdictional minimum is met because Plaintiff served a Statement of Damages claiming $1 million in general damages and $2 million in special damages. NOR at 2–3; Def. Resp. at 2. A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

Here, it is clear the $3 million in damages pleaded in the Statement of Damages is a "bold optimistic prediction" only and not a reasonable estimate of Plaintiff's claims. *See id.* Significantly, neither the Complaint nor the Statement of Damages provides facts to explain how Plaintiff determined the amount stated. *See* Dkt. 1 Ex. B; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where statement of damages did not explain how plaintiff arrived at the damages claimed); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

    Defendant additionally contends the jurisdictional minimum is satisfied because Plaintiff stated in the parties' Joint Rule 26(f) Statement that she has incurred $389,774.83, in past medical expenses. Def. Resp. at 2. As with the damages alleged in Plaintiff's Statement of Damages, Plaintiff's assertion that she has incurred over $75,000 in medical expenses is alone insufficient to establish the that the amount stated reflects a reasonable estimate of the Plaintiff's claims. *See, e.g.*, *Romsa*, 2014 WL 4273265, at *2.

    Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## **CONCLUSION**

    For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23TRCV01663. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

    IT IS SO ORDERED.

Dated: October 11, 2023

                                        FERNANDO L. AENLLE-ROCHA
                                        United States District Judge